**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4000

MICHAEL LEE DRAKE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-95-124-F)

Submitted: February 27, 1997

Decided: March 13, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gerald L. Bass, BASS, BRYANT & MOORE, Raleigh, North Caro-
lina, for Appellant. Janice McKenzie Cole, United States Attorney,
J. Frank Bradsher, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Lee Drake pled guilty to use of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (1994) and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). Drake waived all appellate rights in his plea agreement with the exception of claims of ineffective assistance and prosecutorial misconduct not known at the time of his guilty plea. The district court sentenced Drake to serve 228 months imprisonment followed by five years of supervised release and a special assessment of $100. Drake appeals the judgment.

Drake's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), evaluating the issue of the Government's breach of the plea agreement raised by Drake in his pro se notice of appeal but stating that, in his view, there are no meritorious issues for appeal. Drake filed a pro se supplemental brief raising additional issues, some of which are reviewable under the waiver provisions. Drake contends that the Government breached the plea agreement because Drake was sentenced at a higher offense level than he anticipated, that Fed. R. Crim. P. 32 was violated because he did not see the presentence report until after sentencing thus establishing ineffective assistance of trial counsel, that the Government improperly used self-incriminatory information provided by Drake against him, in violation of the plea agreement, and that the Government delayed disclosure of requested discovery material in violation of the rule established in Brady v. Maryland, 373 U.S. 83 (1963).

We have considered both the issues raised by counsel and alleged in Drake's pro se brief and find them to be without merit. In accordance with the requirements of Anders, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3